USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/4/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E.A.C.F.,

                              Petitioner,

              -against-

PAUL ARETA, et al.,

                              Respondents.

26-CV-03047 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Petitioner E.A.C.F.[1] entered the United States in 2006, without permission. Eight months ago, ICE arrested Petitioner and brought him to the Orange County Jail. He has been detained there since and has not been provided with a bond hearing. The Government argues that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) and is therefore not entitled to a bond hearing. Petitioner claims that the proper statutory basis for his detention is 8 U.S.C. § 1226(a), and that the Government violated his due process rights by detaining him without considering whether he poses a risk of flight or danger to the community, and without providing a bond hearing. The Court agrees that 8 U.S.C. § 1226(a) is the proper statutory basis for Petitioner's detention and finds that he is entitled to a bond hearing at which the Government would bear the burden of demonstrating that he presents a risk of flight or danger to the community. Accordingly, the Petition is GRANTED in part.

---

[1] Petitioner filed an unopposed motion to proceed by pseudonym. Dkt. No. 3. The decision to grant or deny an application to proceed anonymously is within the sound discretion of the district court. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008). Having reviewed the Petition and Petitioner's motion to proceed under a pseudonym, Dkt. No. 3, the Court finds Petitioner's interest in anonymity exceeds any public interest in disclosure at this time. *See id.* at 189. Additionally, Respondents will not be prejudiced because Petitioner is willing to disclose his identity to counsel for Respondents. *See* Dkt. No. 3. Accordingly, Petitioner's Motion for Leave to Proceed Under Pseudonym is GRANTED.

1

## I.    RELEVANT FACTS[2] AND PROCEDURAL HISTORY

Petitioner E.A.C.F. is an El Salvadorian national who is currently 38 years old.  Pet. ¶ 11.
Petitioner, then a teenager, came to the United States in 2006 seeking asylum after members of
the MS-13 gang threatened his life and the life of a cousin; the cousin was subsequently
murdered.  *Id.* ¶¶ 1, 20.  He entered the United States on foot, apparently outside of any official
border entry point, and did not encounter immigration officials at the time of his arrival.  *Id.* ¶ 21.
Petitioner ultimately settled in Uniondale, New York, where he found work as a cook.  *Id.* ¶¶ 2,
4.  Between 2014 and 2024, Petitioner was convicted of driving while intoxicated on three
separate occasions.  Dkt. No. 8 ¶¶ 4–5, 7.  Following Petitioner's 2024 conviction, he was
remanded to the Nassau County Correctional Center ("NCCC") pending his sentencing.  *Id.* ¶ 8.  On
March 4, 2025, ICE officers interviewed him at the NCCC.  Dkt. No. 6-2 at 2.  At the interview,
Petitioner admitted to crossing the border illegally and to having no legal authorization to remain in
the United States.  *Id.*  ICE officers subsequently confirmed Petitioner's identity through
identification verification records and lodged a detainer with the NCCC.  Dkt. No. 8 ¶¶ 10–11; Dkt.
No. 6-4.  The detainer was not honored by Nassau County.  Dkt. No. 8 ¶ 11; Dkt. No. 6-4.
Petitioner was subsequently sentenced to a term of 45 days imprisonment and five years of
probation.  Dkt. No. 8 ¶ 7.

On September 25, 2025, ICE Homeland Security Investigations Special Agents "conducted
a targeted enforcement action to locate and arrest Petitioner because of information ICE had
previously learned about Petitioner's criminal history and immigration status."  Dkt. No. 8 ¶ 12.  ICE
learned that Petitioner would be attending a probation appointment that day in connection with

---

[2] The following facts are taken from the Petition and the declarations accompanying the briefs of
the parties.  *See* Dkt. Nos. 1, 6–8, 11.  The Court refers to the Petition for Writ of Habeas Corpus, Dkt.
No. 1, as "Pet."

his 2024 conviction. *Id.* ¶¶ 7, 12; Pet. ¶ 22. While Petitioner was waiting to meet with his probation officer, two unidentified ICE agents asked him to step into another room for questioning. Pet. ¶ 22. Once there, he was immediately arrested by the agents and served with Form I-200 arrest warrant. *Id.*; Dkt. No. 8 ¶ 12; Dkt. No. 6-5. ICE subsequently transferred Petitioner to the ICE office at 535 Federal Plaza in Central Islip, New York, and served him with a Notice to Appear Form I-862 that charged him as inadmissible pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. Pet ¶ 22–23; Dkt. No. 6-6. On September 26, 2025, Petitioner was transferred to the Orange County Jail in Goshen, New York, where he has been detained since. Pet ¶¶ 1, 24.

On December 4, 2025, Petitioner filed an I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* ¶ 25. An immigration judge denied the application and ordered his removal on February 18, 2026. *Id.* Petitioner appealed the decision on March 5, 2026, which remains pending. *Id.* Petitioner filed the instant Petition on April 14, 2026. The same day, the Court issued an order to show cause enjoining the Government from removing Petitioner, soliciting briefs from the parties, and convening a hearing that occurred on April 23, 2026. Dkt. No. 4.

**DISCUSSION**

### I.     LEGAL STANDARD

Petitioner brings a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)).[3] "Federal courts have

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-04189 (RWS), 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## II.    DISCUSSION

Petitioner alleges that his detention pursuant to 8 U.S.C. § 1225(b)(2) violates the Immigration and Nationality Act. Pet. at 22. He also claims his detention without a bond hearing, and without consideration of whether he is a flight risk or danger to the community, violates the due process clause of the Fifth Amendment. *Id.* at 23–24. Petitioner seeks his release from detention as the remedy to these alleged violations of his rights. *Id.* at 24. In the alternative, Petitioner requests a bond hearing in which: (1) the Government bears the burden of establishing by clear and convincing evidence that Petitioner's continued detention is justified; and (2) the adjudicator meaningfully considers both (i) alternatives to detention and (ii) Petitioner's ability to pay in setting the amount of any bond. *Id.* at 24–25. The Court agrees with Petitioner that 8 U.S.C. § 1225(b)(2) does not apply to his detention. Given the circumstances of Petitioner's arrest and detention, a bond hearing, rather than immediate release, is the appropriate remedy.

### A. Petitioner's Detention is Governed by 8 U.S.C. § 1226(a)

8 U.S.C. § 1225(b)(2)(A) and § 1226(a) provide two different statutory bases for the detention of noncitizens. Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." Unless an individual is granted humanitarian parole, "detention under § 1225(b)(2) is considered mandatory" and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025).

4

Section 1226(a), on the other hand, "establishes a discretionary detention framework" for detention of a noncitizen who is "arrested and detained [o]n a warrant issued by the Attorney General." *Id.* For individuals arrested pursuant to Section 1226(a), the Attorney General or his designees (1) may continue to detain the arrested noncitizen, (2) may release the noncitizen on bond, or (3) may release the noncitizen on conditional parole. *Id*; *see also Cunha v. Freden*, No. 25-3141-pr, ___ F.4th ___, 2026 WL 1146044, at *3 (2d Cir. Apr. 28, 2026) ("If Section 1226 applies, then Petitioner is eligible for release on bond pending the duration of his removal proceedings, including adjudication of his requests for asylum and cancellation of removal."). Notably, "[p]rior to the Government exercising its discretion to detain a person, § 1226(a) and its implementing regulations require ICE officials to make an individualized custody determination." *Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *13 (S.D.N.Y. Jan. 30, 2026). If the Government determines that detention is warranted, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). ‼

The Court need not further analyze the question of whether Section 1225 or 1226 applies to Petitioner's detention because it is bound by the Second Circuit's decision in *Cunha,* which was issued during the pendency of this Petition. In *Cunha,* the Circuit held that "Section 1226(a) plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission." *Cunha*, 2026 WL 1146044, at *5. That holding controls this case. Like the petitioner in *Cunha*, Petitioner entered the country without inspection and has been charged as inadmissible. Accordingly, Section 1226(a) provides the statutory basis for Petitioner's detention, and his detention is discretionary rather than mandatory.

5

### B.  A Bond Hearing Provides the Appropriate Remedy

Having determined that Section 1226(a) applies to Petitioner's detention, the Court must assess the appropriate remedy for the lack of process provided to Petitioner.  Petitioner argues that the Court should follow the decisions of other courts in this District which have "found that release is the appropriate remedy for a non-citizen allegedly detained under 1225, but actually detained under 1226, despite prior criminal history." Dkt. No. 11 at 5.  The Government, on the other hand, argues that "[b]ecause Petitioner's arrest was not indiscriminate, if the Court concludes that § 1226(a) governs detention here, the Court should order that Petitioner be given a bond hearing as opposed to immediately ordering his release." Dkt No. 7 at 3.  The Court agrees with the Government that Petitioner's arrest was not indiscriminate and that a bond hearing is the appropriate remedy.[4]

Judge Subramanian's decision in *Jimenez v. Joyce*, No. 26-CV-429 (AS), 2026 WL 251889 (S.D.N.Y. Jan. 30, 2026), is instructive on the question of remedy.  There, as here, the Government had "provided evidence that it issued a warrant for [Petitioner's] arrest and detention because of his three convictions related to drunk driving." *Id.* at *1; *see also* Dkt. No. 8 ¶ 12 (ICE "conducted a targeted enforcement action to locate and arrest Petitioner because of information ICE had previously learned about Petitioner's criminal history and immigration status," including the actual lodging of a detainer, which was not honored); Dkt. No. 6-2 at 3 (March 10, 2025 DHS form stating that Petitioner "will be taken into ICE custody upon completion of his criminal case").  Accordingly, unlike in cases where the Government "conceded that it neither adhered to any of the procedures required by regulation on a § 1226(a)

---

[4] The Government conceded at oral argument that, if the Court ordered a bond hearing, the Government would bear the burden of proof as to both risk of flight and danger to the community.

detainment, nor exercised discretion to arrest and detain petitioner," here, the Government's submissions show that it did exercise discretion in detaining Petitioner. *Jimenez*, 2026 WL 251889 at *2. Accordingly, the sole process that Petitioner was improperly denied was the ability to obtain a bond hearing. A bond hearing is thus the appropriate remedy. *See also Guachambala v. Lyons*, No. 26-CV-1835 (GBD), 2026 WL 686154, at *2 (S.D.N.Y. Mar. 10, 2026) (ordering a bond hearing rather than Petitioner's release where "[t]here [was] evidence in the record that suggests the Government may have exercised some discretion in detaining Petitioner."); *Gomez-Ramirez v. Noem*, No. 26-CV-1860 (JPO), 2026 WL 734945, at *2 (S.D.N.Y. Mar. 16, 2026) (holding that a bond hearing was an appropriate remedy for a petitioner with "a long arrest record . . . and recent convictions for vehicular-related crimes.").

In response, Petitioner points to the decisions of other courts that have ordered a petitioner's release after the petitioner was improperly detained pursuant to Section 1225, even where the petitioner had a criminal record. Dkt. No. 11 at 5. However, the cases Petitioner cites differ from this case in one key respect. In those cases, the Government "fail[ed] to conduct any kind of individualized assessment *before* detaining [the petitioner]." *Rocano Buestan v. McShane*, No. 25-CV-8544 (JGLC), 2025 WL 3496361, at *6 (S.D.N.Y. Dec. 5, 2025); *see also Tall v. Joyce*, No. 25-CV-9781 (AS), 2025 WL 3718476, at *1 (S.D.N.Y. Dec. 23, 2025) ("[T]he government conceded that it neither adhered to any of the procedures required by regulation on a § 1226(a) detainment, nor exercised discretion to arrest and detain petitioner, because it acted under its (legally mistaken) view that petitioner's arrest and detention were mandatory under § 1225(b)(2)."). In contrast, here, as set forth above, the Government did undertake an individualized assessment before detaining Petitioner, attempted to detain him based on his criminal convictions through one procedure that was unsuccessful (the not-honored detainer at

NCCC), and then again individually sought him out for arrest and detention based on his criminal history.[5]

Petitioner requests that, if the Court orders a bond hearing, the Government "must bear the burden of proof to justify continued prolonged detention by 'clear and convincing evidence' and consider both ability to pay and alternative means of assuring appearance in order for such hearing to be constitutionally adequate." Dkt. No. 11 at 8. At oral argument, the Government conceded that if the Court found that Section 1226 is the proper statutory basis for Petitioner's detention, the Government would not oppose a bond hearing at which it bears the burden of proof on both factors. Given that Petitioner has been detained for more than six months without being afforded a bond hearing, the Court agrees that Petitioner is entitled to a bond hearing under his requested conditions. *See Velasco Lopez v. Decker*, 978 F.3d 842, 855 (2d Cir. 2020).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's unopposed Motion for Leave to Proceed Under Pseudonym, Dkt. No. 3, and GRANTS E.A.C.F.'s habeas petition in part. The Government is hereby ORDERED, by no later than **fourteen days from the date of this order**, to provide Petitioner with a bond hearing in which the Government bears the burden of justifying Petitioner's continued detention by clear and convincing evidence, as to either risk of flight or danger to the community. If the immigration judge finds that the Government has met its burden, the immigration judge must consider alternatives to detention and, if a bond is

---

[5] The Court expresses no view as to whether the nature of Petitioner's convictions merited this exercise of discretion; that is a policy matter that is outside the Court's purview on this petition. It is sufficient for present purposes that ICE exercised its discretion and specifically identified Petitioner as a person warranting arrest and detention, based on individualized factors.

considered, Petitioner's ability to pay. The Government must release Petitioner if such a hearing is not provided by that date and Petitioner has not consented to an extension.

Dated: May 4, 2026
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge

9